FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

2017 JAN 10 PM 1:31

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

BUOY UNLIMITED, INC., a Florida
Corporation,

        CASE NO.:   6:17-cv-42-ORL-31KRS

     Plaintiff,

v.

SHEAR ENTERPRISES, LLC, a Florida
Limited Liability Company,

     Defendant.

_____/

## COMPLAINT

Plaintiff, BUOY UNLIMITED, INC., ("BUOY" or "Plaintiff"), a Florida corporation, by and through its undersigned attorneys and hereby sues Defendant, SHEAR ENTERPRISES, LLC, ("SHEAR" or "Defendant"), a Florida Limited Liability Company, for patent infringement and alleges the following:

## THE PARTIES

1.     BUOY is a Florida corporation with its principal place of business located at 100 Tampa Avenue, Indialantic, Brevard County, Florida 32903.

2.     BUOY is a women's apparel company and is the sole owner of United States Patents Nos: 8,506,350 ("the '350 Patent") entitled Breast shaping and lifting support garment that issued on August 13, 2013 (attached hereto as Exhibit A); 8,753,170 ("the '170 Patent") entitled Breast shaping and lifting support garment that issued on June 17, 2014 (attached hereto

as Exhibit B); and, 9,226,530 ("the '530 Patent") entitled Breast shaping and lifting support garment that issued on January 5, 2016 (attached hereto as Exhibit C).

3.     SHEAR is a Florida limited liability company with its principal place of business located at 12120 28th Street North, St. Petersburg, Florida 33716.  Defendant, SHEAR is a seller of sleepwear, women's undergarments including bras, underwear and lingerie.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, 35. U.S.C. § 101 et seq., including 35 U.S.C. § 271.

5.     This Court has original and exclusive jurisdiction over this case for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338 (a).

6.     This Court has personal jurisdiction over Defendant, SHEAR pursuant to Fla. Stat. §§48.193(1)(a)(1), 48.193(1)(a)(2) and 48.193(2) in that SHEAR is operating, conducting, engaging in and carrying on a business in this state and committed a tortious act within this state, Plaintiff was harmed in this state, and SHEAR is engaged in substantial and not isolated activity within this state.

7.     Venue properly lies in this judicial district under 28 U.S.C. §§1391(b), 1391(c) and 1400(a) and in this Division pursuant to Local Rule 1.02(c) of the United States District Court for the Middle District of Florida in that both Plaintiff and Defendant are located within this very district.  Moreover, Defendant is subject to personal jurisdiction in this district, BUOY was harmed in this district, and a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

8.      BUOY is owned by Robert and Yvonne Silverman ("the SILVERMANS") who are the co-inventors of the inventions covered by the BUOY Patents.

9.      The BUOY Patents describe and claim certain improvements in the art of breast support and design.

10.     Prior to the invention of the breast support garment described and claimed in the BUOY Patents, there were two classic breast-support garment designs.  The first was a garment consisting of two pre-formed cups that attach to an elastic band that encircles the wearer's torso and sometimes incorporates an underwire.  The second was a so-called shelf design that does not incorporate a cup but provides a shelf upon which the wearer's breasts rest.

11.     In wearing the classic garment types, Yvonne noted that both created an uncomfortable pressure on the sternum of the wearer and, at least in the case of the shelf design, failed to provide an attractive appearance.

12.     In light of such experience, the SILVERMANS set out to develop a device that would address the sternum-pressure problem and at the same time provide an attractive appearance when worn.

13.     In general, the BUOY Patents eschew the use of pre-formed cups (including an underwire) or shelf and instead use certain banding/material strips (generally speaking) to reduce or largely eliminate sternum pressure, create a buoyant lifting of the breasts and, in certain embodiments, including adjustable cups, all while creating an attractive appearance.

14.     This novel approach has created an improved support garment that has certain commercial benefits among them being comfort for the wearer and a more attractive appearance.

15.     BUOY has practiced the invention described and claimed in the BUOY Patents, producing and selling brassiere products incorporating the device and related apparel for sale to the retail and wholesale markets in the United States and internationally.   BUOY is a small privately held company.

16.     The SILVERMANS conceived an invention to address the shortcomings of the prior art which issued August 13, 2013 as Patent No. 8,506,350. (*See* Exhibit A)

17.     Subsequently the SILVERMANS conceived another invention to address shortcomings of the prior art which issued June 17, 2014 as Patent No: 8,753,170. (*See* Exhibit B)

18.     The SILVERMANS then conceived yet another invention to address shortcomings of the prior art which issued on January 5, 2016 as Patent No: 9,226,530. (*See* Exhibit C)

19.     The '350, '170 and '530 Patents are collectively referred to herein as the "BUOY Patents".

20.     The '350 and '170 Patents were assigned to BUOY by the SILVERMANS on December 12, 2013, the assignments being filed in the United States Patent and Trademark Office on December 16, 2013.

21.     The '530 Patent was assigned to BUOY by the SILVERMANS on February 26, 2015, the assignment being filed in the United States Patent and Trademark Office on February 27, 2015.

22.     BUOY has continuously held title in the '350 and '170 Patents from December 12, 2013, to the present and BUOY has continuously held title in the '530 Patent from February 26, 2015 to the present.

23.     As a result of the assignment of the BUOY Patents, BUOY alone has standing to bring this Complaint against Defendant, SHEAR for infringement of the BUOY Patents.

24.     BUOY possesses all rights of recovery under the BUOY Patents.

25.     In 2015, BUOY brought suit against Hanesbrands, Inc., et al. asserting the '350, and '170 patents, and a third patent not included in the present suit, in this District, Case No. 6:15-cv-296-ORL-28-KRS.

26.     *Inter Partes* reviews ("IPR") were initiated by Hanesbrands, Inc. against the '350 and '170 Patents.

27.     Based on the prior art submitted in each IPR, the Patent Trial and Appeal Board did not find that Hanesbrands, Inc. showed there was a reasonable likelihood to prevail with respect to claims 12 and 22 of the '350 Patent and claim 7 of the '170 Patent.

28.     No IPR was instituted against the '530 Patent.

29.     In contrast to BUOY, SHEAR is a much larger company and according to Rhonda Shear, "Shear Enterprises, LLC now has nearly 20 full time employees, its own 15,000 sq. ft. of corporate office space in sunny Florida, and customers in over 30 countries!"

30.     Thus far BUOY has identified garments designated as the Ahh Bra, and upon information belief, those garments were originally designed in 2010, infringing one or more of the identified claims herein of the BUOY Patents, collectively the "Infringing Products".

31.     Upon information and belief these Infringing Products were manufactured, imported, distributed or sold by Defendant, SHEAR here in Florida.

32.     Prior to filing suit, BUOY contacted SHEAR to discuss licensing opportunities. *See* correspondence dated September 14, 2016 (without referenced exhibits) attached hereto as Exhibit D.

33.     SHEAR responded to said correspondence and offer by letter dated September 26, 2016 (attached hereto as Exhibit E) claiming, without any further support, that a product of the design of the accused product has been on sale in the United States since late 2003 "or so"; that the IPR's showed that the patents are of dubious validity, and that the Ahh Bra is based on U.S. Patent No. 3,537,279.

34.     U.S. Patent No. 3,537,279 does not teach the limitations claimed in the BUOY Patents.

35.     It is this infringing activity that gives rise to liability against Defendant.

## COUNT I
## Infringement of U.S. Patent No. 8,506,350

36.     BUOY refers to and incorporates herein the allegations contained in paragraphs 1 through 35 above in their entirety.

37.     Defendant, SHEAR has infringed and continues to infringe claim 12 of the '350 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling the Infringing Products in the United States, without any license, either express or implied, to do so.

38.     BUOY has been and will continue to be damaged by Defendant, SHEAR's acts of patent infringement as set forth above.

39.     BUOY is entitled to recover from Defendant, SHEAR the damages incurred by BUOY as a result of SHEAR's wrongful acts in an amount subject to proof at trial.

40.     Upon information and belief, SHEAR's infringement of the '350 Patent has been willful and deliberate entitling BUOY to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

41.     Defendant, SHEAR's infringement of BUOY's exclusive rights under the '350 Patent will continue to damage BUOY's business, causing irreparable harm for which there is no adequate remedy at law, such that this Court should enjoin Defendant, SHEAR from any further infringement.

## Count II
## Infringement of U.S. Patent No. 8,753,170

42.     BUOY refers to and incorporates herein the allegations contained in paragraphs 1 through 35 above in their entirety.

43.     Defendant, SHEAR has infringed and continues to infringe claim 7 of the '170 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling one or more of the Infringing Products in the United States, without any license, either express or implied, to do so.

44.     BUOY has been and will continue to be damaged by Defendant, SHEAR's acts of patent infringement as set forth above.

45.     BUOY is entitled to recover from SHEAR the damages incurred by BUOY as a result of SHEAR's wrongful acts in an amount subject to proof at trial.

46.     Upon information and belief, Defendant, SHEARs infringement of the '170 Patent has been willful and deliberate entitling BUOY to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

47.     Defendant, SHEAR's infringement of BUOY's exclusive rights under the '170 Patent will continue to damage BUOY's business, causing irreparable harm for which there is no adequate remedy at law, such that this Court should enjoin SHEAR from any further infringement.

## Count III
## Infringement of U.S. Patent No. 9,226,530

48.     BUOY refers to and incorporates herein the allegations contained in paragraphs 1 through 35 above in their entirety.

49.     Defendant, SHEAR has infringed and continues to infringe claims 7 and 8 of the '530 Patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling one or more of the Infringing Products in the United States, without any license, either express or implied, to do so.

50.     BUOY has been and will continue to be damaged by Defendant, SHEAR's acts of patent infringement as set forth above.

51.     BUOY is entitled to recover from SHEAR the damages incurred by BUOY as a result of SHEAR's wrongful acts in an amount subject to proof at trial.

52.     Upon information and belief, Defendant, SHEARs infringement of the '530 Patent has been willful and deliberate entitling BUOY to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

53.     Defendant, SHEAR's infringement of BUOY's exclusive rights under the '530 Patent will continue to damage BUOY's business, causing irreparable harm for which there is no adequate remedy at law, such that this Court should enjoin SHEAR from any further infringement.

## Prayer for Relief

WHEREFORE, Plaintiff, BUOY UNLIMITED, INC. respectfully requests that the Court find in its favor and against Defendant, SHEAR ENTERPRISES, LLC, and that this Court grant Plaintiff the following relief:

(1)     An adjudication, pursuant to 35 U.S.C. § 271, that SHEAR ENTERPRISES, LLC has directly infringed, contributorily infringed, vicariously infringed, and/or induced infringement of one or more of the claims of the BUOY Patents;

(2)     An award to Plaintiff for damages adequate to compensate BUOY for Defendant's acts of infringement, such damages to be determined by a jury;

(3)     An award to Plaintiff of pre-judgment and post-judgment interest at the highest rates allowed by law;

(4)     An award to Plaintiff of enhanced damages, up to and including trebling BUOY's damages pursuant to 35 U.S.C. § 284, for Defendant's willful infringement;

(5)     An award of Buoy's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

(6)     A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant, their offices, agents, representatives, and employees and those persons acting in concert or participation with them, and their successors and assigns from further acts of infringement including but not limited to selling or offering for sale products covered by any of the claims of the BUOY Patents; and,

(7)     Any further relief this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

DATED this _____ day of January, 2017.

Respectfully submitted,

Beusse Wolter Sanks & Maire, PLLC
390 North Orange Avenue, Suite 2500

Orlando, Florida  32801
Telephone: (407) 926-7700
Facsimile: (407) 926-7720
E-mail: tsanks@bwsmiplaw.com
*Attorneys for Plaintiff, BUOY UNLIMITED, INC.*

Terry M. Sanks
Florida Bar No: 0154430